IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |  | |
|---|---|---|---|
| STATE FARM MUTUAL <br> INSURANCE COMPANY, | ) <br> ) <br> ) | | |
| *Plaintiff,* | ) <br> ) <br> ) | | |
| vs. | ) <br> ) <br> ) | Civil Action No. | 15-1383 |
| ETHEL McCLINTOCK, or her Estate or other Successor Fiduciary entity under Texas Law; RONALD McCLINTOCK, as Heir-at-Law of ETHEL McCLINTOCK; BROOKE REEVES, *individually*; B.S., *a minor, by and through her parent, natural guardian and next friend*, BROOKE REEVES; S.M., *a minor, by and through her parent, natural guardian and next friend*, COURTNEY McGEE; AMY GAITHER; A.G.; E.G., L.G. and W.G. *minors, by and through their parent, natural guardian and next friend*, RONNIE GAITHER, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | | |
| *Defendants.* | ) <br> ) | | |

**PETITION FOR INTERPLEADER**

COMES NOW the plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), and for its cause of action, states as follows:

**JURISDICTION**

1. The Court has subject matter jurisdiction over this matter of interpleader involving two or more claimants who are citizens of different states over an amount in excess of $500 pursuant to 28 U.S.C. § 1335(a).

2. The Court has personal jurisdiction over the parties pursuant to 28 U.S.C. § 1335.

3. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1397.

4. This action is an interpleader pursuant to The Federal Interpleader Act, 28 U.S.C. § 1335. Jurisdiction over this matter alternatively exists under 28 U.S.C. 1332 and Federal Rule of Civil Procedure 22.

**PARTIES**

5. Plaintiff is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois, and is admitted to transact the business of automobile insurance in the State of Kansas.

6. Defendant Ethel McClintock is the plaintiff's named insured and was a resident of Fort Worth, Texas and she died in the accident. Plaintiff is currently investigating whether an Estate has been organized for her or if an Administrator or other fiduciary under Texas law exists. We will move to amend to substitute such individual or entity as a defendant herein when this is determined.

7. Defendant Ronald McClintock is the sole heir-at-law of Ethel McClintock and may be served at 3004 San Marcos Drive, Fort Worth, Texas, 76116-4831.

8. Defendant driver Brooke Reeves is a resident of Fort Worth, Texas, and citizen of that State, and may be served at 429 S. Las Vegas Trail, Fort Worth, Texas, 76108.

9. Defendant B.S. (age 2) is a resident of Fort Worth, Texas, and citizen of that State, and may be served at 429 S. Las Vegas Trail, Fort Worth, Texas, 76108, by and through her parent, natural guardian and next friend, Brooke Reeves.

10. Defendant S.M. (age 8) is a resident of Fort Worth, Texas, and citizen of that State, and may be served at 3004 San Marcos Drive, Fort Worth, Texas, 76116, by and through her parent, natural guardian and next friend, Courtney McGee.

11.     Defendant driver Amy Gaither is a resident of Oxford, Kansas, and citizen of that State, and may be served with process at her residence located at 1546 E. 40th Street in Oxford, Kansas, 67119.

12.     Defendant A.G. (age 11) is a resident of Oxford, Kansas, and citizen of that State, and may be served at 1546 E. 40th Street, Oxford, Kansas, 67119, by and through his parent, natural guardian and next friend, Ronnie Gaither.

13.     Defendant E.G. (age 14) is a resident of Oxford, Kansas, and citizen of that State, and may be served at 1546 E. 40th Street, Oxford, Kansas, 67119, by and through her parent, natural guardian and next friend, Ronnie Gaither.

14.     Defendant L.G. (age 6) is a resident of Oxford, Kansas, and citizen of that State, and may be served at 1546 E. 40th Street, Oxford, Kansas, 67119, by and through his parent, natural guardian and next friend, Ronnie Gaither.

15.     Defendant W.G. (age 8) is a resident of Oxford, Kansas, and citizen of that State, and may be served at 1546 E. 40th Street, Oxford, Kansas, 67119, by and through his parent, natural guardian and next friend, Ronnie Gaither.

16.     Other private and governmental entities have theoretical claims against the insurance proceeds to be paid into court herein which are unlikely to be satisfied by the Court's apportionment and therefore are not joined at present, pending their decision to waive or not waive those claims arising out of PIP, automobile no-fault benefits, medical or hospital care and the like.  Plaintiff reserves the right to move to add such claimants pursuant to Rules 15 and 22 as parties hereto in the event that they insist on pressing claims.

## FACTUAL ALLEGATIONS

17. On May 25, 2015, defendant Brooke Reeves was driving eastbound on U.S. Highway 160 near Wellington, Kansas and was in the left-turn lane and making a left-turn toward the Interstate Highway 35 Toll Booth (Plaza 19). Her passengers were: Ethel McClintock; B.S. (age 2); and S.M. (age 8).

18. The vehicle driven by Reeves was owned by defendant Ethel McClintock.

19. Defendant driver Amy Gaither was westbound on U.S. 160. Her passengers were A.G. (age 11), E.G. (age 14), L.G. (age 6), and W.G. (age 8). She was insured by Shelter Insurance Company.

20. Ethel McClintock has a policy of insurance with plaintiff for $50,000.00 per person and $100,000.00 per accident.

21. The number of claimants and claims made significantly exceed the available policy limits of Ethel McClintock.

22. Accordingly, State Farm seeks permission to Interplead, pursuant to K.S.A. 60-222, its limit of liability of One Hundred Thousand Dollars and No Cents ($100,000.00) through payment of that sum into the registry of the Clerk of the United States District Court for the District of Kansas, Kansas, for further proceedings to determine the appropriate, reasonable and equitable allocation of those proceeds among the respective defendants.

23. State Farm is entitled to be discharged from any further liability to the Interpleader defendants upon payment of its applicable policy limit into the registry of the Court, and State Farm seeks an Order of Discharge by the Court to be effective upon payment of such amount into the registry of the Clerk.

WHEREFORE, plaintiff State Farm respectfully prays for Orders of the Court:

A. Authorizing and directing it to pay its maximum applicable limit of coverage under the aforementioned insurance policy in the amount of One Hundred Thousand Dollars and No Cents ($100,000.00) into the registry of the Clerk of the United States District Court for Kansas;

B. Discharging State Farm from any and all further liability under the aforementioned Policy to any defendant or defendants herein or to any other person, party or entity;

C. Prohibiting defendants herein from instituting separate actions against State Farm arising out of its aforementioned Policy or any related actions or issues in light of the present Interpleader; and

D. Determining the rights of the respective defendants herein to the Policy proceeds paid into Court registry and entering judgment in favor of the party or parties entitled thereto;

E. Discharging State Farm from any and all further duty for indemnification or duties to defend any party or other person under the terms of said policy.

**WHEREFORE**, plaintiff State Farm respectfully requests that the Court grant the relief requested and for the costs of said action from the common fund interplead.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas, as the place of trial of this cause of action.

                              Respectfully submitted,

By:    *s/Craig W. West*_____
        Craig W. West, KS #13223
        FOULSTON SIEFKIN LLP
        1551 N. Waterfront Parkway, Suite 100
        Wichita, KS 67206-4466
        316-291-9784
        866-347-3143 (fax)
        cwest@foulston.com
        *Attorneys for Plaintiff*