IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STATE FARM MUTUAL INSURANCE COMPANY, and SAFEWAY COUNTY MUTUAL INSURANCE COMPANY, <br><br> *Plaintiffs,* <br><br> v. <br><br> ETHEL McCLINTOCK, or her Estate or other Successor Fiduciary entity under Texas Law, RONALD McCLINTOCK, as Heir at Law of ETHEL McCLINTOCK, BROOKE REEVES, individually; B.S., a, minor, by and through her parent, natural guardian and next friend, BROOKE REEVES; S.M., a minor, by and through her parent, natural guardian and next friend, COURTNEY MCGEE; AMY GAITHER; A.G., E.G., L.G., and W.G., minors, by and through their parents, natural guardian and next friend, RONNIE GAITHER, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 15-CV-1383-EFM-TJJ |

Pursuant to K.S.A. Chapter 60

**MEMORANDUM AND ORDER ON MOTION BY PLAINTIFFS STATE FARM AND SAFEWAY INSURANCE COMPANY TO PAY POLICY PROCEEDS INTO COURT REGISTERY AND FOR FINAL DISCHARGE OF LIABILITY**

THIS matter comes on for decision on the joint Motion of Plaintiffs State Farm Mutual Insurance Company ("State Farm") Safeway County Mutual Insurance Company ("Safeway") for leave to pay their policy limits in controversy into registry of the Court and for discharge of those insurers and their respective liability insured as to claims herein or which might be brought

here. The court notes that plaintiff and intervener filed this motion and made service electronically on May 12, 2017, and that no other party herein has filed an objection or otherwise responded thereto.

MOREOVER, no counter-claims, cross-claims or otherwise have been asserted by any party herein against either State Farm or Safeway.

(1) In light of the foregoing, the Court makes the following findings pursuant to Rule 56b of the Federal Rules of Civil Procedure and Local Rule 56.1. On, May 25, 2015, a two vehicle automobile accident occurred in Sumner County, Kansas, resulting in multiple injuries and a fatality among interpleader defendant herein. Plaintiff, State Farm provided liability coverage to Ethel McClintock for permissive users of the accident vehicle. Safeway additionally provided personal liability coverage to the driver Brooke Reeves. Both were for legal liabilities for bodily injury incurred as a result of the conduct of their insureds including permissive operators of the accident vehicle. The potential and actual claimants are as set out in the Amended Complaint filed herein on September 7, 2016.

(2) Any reasonable analysis of the fault involved in the two vehicle accident during a left turn would indicate that fault could be alleged against each driver pursuant to K.S.A 60-258a with no certainty as to any particular assessment. Moreover, as a permissive operator of the accident vehicle, Reeves was an insured person under both her own Safeway and the vehicle's State Farm liability policies. Accordingly, there is coverage and liability exposure on both plaintiffs' liability policies.

(3) In view of the significant damages and fatality, liabilities and potential damages could possibly exceed the liability limits of both policies. Plaintiff State Farm has

coverage in the amount of $100,000.00 for damages for all bodily injuries in a single occurrence; Plaintiff Safeway has a policy providing coverage under Texas law for $30,000.00 per person and $60,000.00 per accident to all persons injured or killed as a result of its insured legal liability.

(4) Both Plaintiffs State Farm Safeway propose to pay their full policy limits into registry of the Court under the provision of the Interpleader claim under Federal Rule 22 and 28 U.S.C. §1335 and 2361. The Court has personal and subject matter jurisdiction of this matter under those statutes. The remaining claimant parties have not yet reached agreement on apportionment of these proceeds among the injured parties who are their legal representatives. Under the principles of federal statutory interpleader, 28 U.S.C. §1335 and 2361, dismissal of all claims against each plaintiff will not deprive the Court of subject matter jurisdiction as there is diversity remaining among the adverse claimants.

(5) The payment of full limits of liability under the respective liability insurance policies will complete and discharge any and all obligations of State Farm and Safeway under those policy contracts to any person herein and a judgment in their favor discharging any such liability should be entered effective upon payment into Court registry.

(6) The Court accordingly finds that an Order should be forthcoming directing payment of the respective policy proceeds into Court registry with further instruction to place these in an interest bearing account at a financial institution selected jointly by the claimants. Upon such payment, judgment should be entered dismissing any and all claims, counterclaims or cross-claims asserted or which might have been asserted as a result of the subject accident with prejudice, including to the refiling hereof, and limiting

any and all claims in recovery from this point forward to the aggregate amounts paid into Court.

(7) In view of the conclusion of obligations on the part of State Farm and Safeway and the impossibility of further claims or litigation against them arising out of their policies and the subject motor vehicle accident, and the severability of the apportionment issues remaining among the claimant parties, there is no just reason or excuse why final judgment should not be entered in favor of each plaintiff, State Farm and Safeway, pursuant to Federal Rule of Civil Procedure 54(b).

(8) Accordingly judgment is rendered in the amount of $100,000.00 against State Farm Mutual Automobile Insurance Company and $60,000.00 against Safeway County Mutual Insurance Company upon payment of which they are discharged of all liability herein.

IT IS BY THE COURT SO ORDERED.

Dated this 5th day of July, 2017.

Eric F. Melgren
U.S. District Court Judge